IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WILLIE D. MARTIN, JR.,

             Plaintiffs,

v.                                                     CIVIL ACTION NO. 2:25-cv-701

GILL E. WILLIAMS, USAA CASUALTY
INSURANCE CO., STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,
GREAT AMERICAN INSURANCE COMPANY,

             Defendants.

*MEMORANDUM OPINION AND ORDER*

Before the Court are three motions: Plaintiff Willie D. Martin's Motion to Amend (ECF Nos. 9, 10), Defendant Great American Insurance Company's Motion to Realign or Disregard Certain Parties for Purposes of Subject Matter Jurisdiction (ECF Nos. 3, 4), and Plaintiff's Motion to Remand this case to the Circuit Court of Norfolk (ECF Nos. 11, 12). For the reasons set forth below, Plaintiff's Motion to Amend is **GRANTED**, Defendant's Motion to Realign or Disregard Certain Parties is **GRANTED**, and Plaintiff's Motion to Remand is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

The instant case was removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. ECF No. 1. Plaintiff Willie D. Martin ("Plaintiff" or "Martin") filed the Underlying Action in the Circuit Court of the City of Norfolk on or about September 23, 2025. *Id.* ¶ 1; ECF No. 1, Ex. 2. In the Underlying Complaint, Plaintiff seeks damages arising from an automobile accident involving a vehicle operated by Defendant Gill E. Williams ("Williams"). ECF No. 1, Ex. 2. Plaintiff also served USAA Casualty Insurance Company ("USAA") with a copy of the Complaint as the underinsured motorist carrier for Martin. *Id.*

1

Subsequently, Plaintiff filed suit for insurance coverage regarding the accident. ECF No. 1, Ex. 1. Great American Insurance Company ("Great American") issued an insurance policy to Mr. G Trucking, LLC ("Mr. G"), which is the trucking company Williams owns. ECF No. 1 ¶ 4. Plaintiff alleges this policy also affords liability coverage to Williams. *Id.* Plaintiff also named Williams, USAA, and State Farm Mutual Automobile Insurance Company ("State Farm") in this declaratory judgment action. *Id.* According to the filings, USAA is the underinsured motorist carrier for Martin, and State Farm issued auto liability insurance coverage to Williams. *Id.*

Great American removed the instant declaratory action to this Court, while the Underlying Action is stayed in the Circuit Court. ECF No. 1.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and may not exercise jurisdiction absent a statutory basis. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Unless a matter involves an area over which federal courts have exclusive jurisdiction, a district court has subject matter jurisdiction over a case only where the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Matters where the cause of action is a state law claim do not fall under federal question jurisdiction merely because it invokes a federal statute; rather, jurisdiction under § 1331 only exists in such cases if "'it appears that some substantial, *disputed* question of federal law is a necessary element of one of the well-

2

pleaded state claims.'" *Treacy v. Newdunn Assocs., L.L.P.*, 344 F.3d 407, 410–11 (4th Cir. 2003) (emphasis in original) (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 436 U.S. 1, 13 (1983)).

A defendant may remove any action from state court to federal court in which the federal court has jurisdiction. *See* 28 U.S.C. § 1441(a), (b). But "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Moreover, the United States Court of Appeals for the Fourth Circuit has held that removal jurisdiction is to be strictly construed in light of federalism concerns. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Therefore, if federal jurisdiction is doubtful, the case should be remanded. *See Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

## III. DISCUSSION

Martin filed a Motion to Amend the Complaint, arguing that Mr. G Trucking ("Mr. G"), an LLC registered in Virginia, is a necessary party to this action and should be joined as such. ECF No. 9. Martin also filed a Motion to Remand in which he further asserts that if the Court joins Mr. G is a necessary party, the Court will be divested of diversity jurisdiction and must remand the case to the Circuit Court. ECF Nos. 11, 12. In response, Great American first argues the Motion to Remand is procedurally premature because the Court has not yet addressed the Motion to Amend nor has Martin provided a proposed Amended Complaint to the Court. ECF No. 15. Second, Great American argues, even if the Motion to Amend is granted, the Motion to Remand lacks merit because Martin has no possibility of recovery from Mr. G in this declaratory action, wherein the sole purpose is to obtain a declaration of coverage under the Great American policy. *Id.* at 2.

3

**A. Motion to Amend**

First, the Court will address the Motion to Amend the Complaint. As noted in Great American's brief, Plaintiff did not attach a proposed copy of the amended complaint. ECF No. 15. "Generally, when a plaintiff seeks leave to amend his complaint, 'a copy of the proposed amended pleading, and not simply the proposed amendment, must be attached to the motion.'" *Hogge v. Stephens*, No. 3:09CV582, 2010 WL 3834856, at *8 (E.D. Va. Sept. 24, 2010), *aff'd*, 469 F. App'x 160 (4th Cir. 2012) (citing *Williams v. Wilkerson,* 90 F.R.D. 168, 10 (E.D. Va. 1981)). However, as in *Hogges*, the Court finds that "allowing the amendment [without an attached copy of the pleading] will not unduly complicate litigation of the instant case." *Id.* Martin seeks to amend the Complaint for the purpose of joining Mr. G to the action. Mr. G's Trucking is a logical addition to this action, where Williams is already a party, is the owner of Mr. G's Trucking LLC, and was operating the vehicle in question in the scope of his employment. ECF No. 10. Also, Great American allegedly insures Mr. G's Trucking. ECF No. 1 ¶ 4. To the extent that Great American is a proper party to the case, Mr. G has an interest in the outcome of an action determining if its Policy with Great American covers any liability found in the Underlying Action.

Given the highly permissive standard of Federal Rule of Civil Procedure 15(a)(2), which states that courts "should freely give leave [to amend] when justice so requires," this Court determines as an initial matter that leave to amend is appropriate as it would not be futile, prejudicial, or made in bad faith. Fed. R. Civ. P. 15(a)(2). *Correa v. Caliber Bodyworks of Virginia, LLC*, No. 3:23-CV-00578 (MRC), 2024 WL 37207 (E.D. Va. Jan. 3, 2024). Therefore, Plaintiff's Motion to Amend will be granted, and Mr. G will be added as a party.

4

**B. Motion to Realign**

Great American seeks to realign its co-defendants—Williams, USAA, and State Farm—as plaintiffs. ECF No. 3. Great American is incorporated and has its principal place of business in Ohio. ECF No. 4 at 5. USAA is incorporated and has its principal place of business in Texas. *Id.* State Farm is incorporated and has its principal place of business in Illinois. *Id.* Both Plaintiff and Williams are citizens of the Commonwealth of Virginia. *Id.* As such, realignment is necessary for this Court to exercise diversity jurisdiction over this case.

To determine proper alignment of parties, the Court must (1) determine the primary issue in the controversy, and (2) align the parties with respect to this primary issue. *See United States Fid. & Guar. Co. v. A & S Mfg. Co.*, 48 F.3d 131, 133 (4th Cir. 1995); *Hildebrand v. Lewis*, 281 F.Supp.2d 837, 844 (E.D. Va. 2003). The primary issue in this controversy is determining and assigning liability for the accident alleged in the Underlying Action. ECF No. 1. Plaintiff has commenced two lawsuits in pursuit of this ultimate goal. In the first Complaint, Plaintiff seeks to recover damages for the February 2, 2024 vehicle accident. ECF No. 1, Ex. 2. In a separate action, Plaintiff also seeks a declaratory judgment declaring that Great American's Policy will cover damages related to the February 2, 2024 accident. *Id.* This judgment will bind the parties and advance Plaintiff's goal of recovering the damages from the first action and establishing which Defendant would be liable for those damages. *Id.*

Next, the Court turns to established Fourth Circuit precedent to determine the proper alignment of the parties. Several cases resemble the procedural posture presented to the Court in this case. In those cases, a plaintiff brought an underlying action for damages against a defendant in state court and then one of the parties brought an action for a declaratory judgment assigning potential liability in the underlying action to an insurance company defendant. *U.S. Fid. & Guar.*

*Co. v. A & S Mfg. Co.*, 48 F.3d 131 (4th Cir. 1995) (affirming the district court's realignment of the insurers as plaintiffs because they "share[d] the primary goal of avoiding obligations" to the defendant). When the respective defendant removed the case to federal court, realignment was necessary to establish diversity jurisdiction. *Id.* The Fourth Circuit held that, in an action such as this, parties who share a common interest in the outcome of the declaratory judgment should be aligned as parties. *Builders Mut. Ins. Co. v. Dragas Mgmt. Corp.*, 497 F. App'x 313, 316 (4th Cir. 2012) ("[A]ny disputes between the insurers are merely ancillary to the primary issue of the duty to indemnify and hypothetical until the insurers' liabilities are determined.").

Here, the Court finds the parties at issue—Williams, USAA, and State Farm—share the same interest in resolving the primary issue in this case, namely, establishing that Great American's Policy would cover any potential liability in the Underlying Action. As such, these parties share Martin's interest in obtaining a declaratory judgment that Great American's duty under the Policy would cover the accident alleged in the Underlying Action. Great American's Policy allegedly extends liability coverage to Mr. G, owned by Defendant Williams. Whether Martin prevails or loses in his action against Williams in the Circuit Court, the remaining parties will be impacted by the declaratory judgment against Great American. Because Martin, Williams, USAA, and State Farm have a shared interest in the same outcome of this declaratory action, the Court finds it appropriate to realign the parties as co-plaintiffs. This realignment provides the Court with diversity jurisdiction to address the case.[1]

---

[1] In the alternative, Great American moves the Court to disregard Williams's citizenship for purposes of jurisdiction on the basis of fraudulent joinder. ECF No. 4 at 4-5. Great American argues that Plaintiff has not asserted any causes of action against Williams nor sought any relief from him. *Id.* Therefore, because Plaintiff ostensibly has no possibility of recovery from Williams, Great American argues that Plaintiff joined Williams for the sole purpose of defeating diversity jurisdiction. *Id.* At this juncture, the Court finds it premature to disregard parties with a potential interest in the outcome of this action. *Builders Mut. Ins. Co.*, 497 F. App'x at 316. This action centers the scope of Great American's duty to indemnify under the Policy, not disputes between potential insurers and insured about the apportionment of any potential liability found in the Underlying Action. However, because the Court grants the Motion to Realign, the alternative Motion to Disregard need not be reached.

Additionally, the Court granted Plaintiff's Motion to Amend, joining Mr. G's Trucking as a party to this lawsuit. Martin sought to join Mr. G as a defendant. ECF Nos. 9, 10. However, the Court has a duty to "look beyond the pleadings and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941). In light of the Court's decision on the Motion to Realign, the Court finds it appropriate to realign Mr. G as a plaintiff alongside Williams, USAA, and State Farm because Mr. G shares the same interest in obtaining a declaratory judgment against Great American to establish coverage.

## C. Motion to Remand

Finally, Martin requests the Court remand this action to state court because diversity jurisdiction would be destroyed by amending the Complaint to add Mr. G, a Virginia corporation, as a defendant. ECF No. 11. As the Court has joined Mr. G to this action as a plaintiff, there is complete diversity between the parties and no basis to remand this action to state court. As such, the Motion to Remand is **DENIED**.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Amend is **GRANTED.** Defendant's Motion to Realign or Disregard Certain Parties is **GRANTED in part.** Plaintiff's Motion to Remand is **DENIED.**

**IT IS SO ORDERED.**

Norfolk, Virginia
March 20 , 2026

_____
Raymond A. Jackson
United States District Judge

7