**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**WILLIE D. MARTIN, JR., et al.,**

**Plaintiff,**

**v.** **CIVIL ACTION NO.: 2:25-cv-701**

**GREAT AMERICAN INSURANCE COMPANY,**

**Defendant.**

***MEMORANDUM OPINION AND ORDER***

Before the Court is Defendant Great American Insurance Company's ("Great American") Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). ECF No. 25 ("Mot. Dismiss"). Defendant filed a Memorandum in Support of the Motion. ECF No. 26 ("Mem. Supp.").[1] Plaintiff Willie D. Martin, Jr. ("Martin") filed a Response in Opposition. ECF No. 18 ("Resp. Opp'n"). Great American filed a Reply. ECF No. 21 ("Reply"). The Court has considered the parties' memoranda, and this matter is now ripe for judicial determination. Upon review, the Court finds that a hearing is not necessary. *See* Va. Local Civ. R. 7(J). For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED**.

## I. FACTUAL AND PROCEDURAL HISTORY

This case comes to the Court with a complex procedural history. This Complaint was originally filed in the Circuit Court of the City of Norfolk on September 25, 2025. ECF No. 1. This insurance coverage lawsuit arises from an underlying tort action. *Id.* In the underlying tort action, Martin seeks damages from Gill E. Williams ("Williams") following a February 2, 2024, accident

[1] Great American's Motion incorporates its initial Motion to Dismiss, which was filed in October 2025, prior to the realignment of the parties. ECF Nos. 5, 6. As such, the Court will reference the arguments set forth in ECF No. 6 when citing the Memorandum in Support of the Motion at ECF No. 26 because it incorporates ECF No. 6. Given this incorporation, ECF Nos. 5 and 22 are moot.

where Williams was driving a 2008 Buick Lucerne. *Id.*, Ex. 1. Martin also served a copy of that complaint on USAA Casualty Insurance Company ("USAA") as the underinsured motorist carrier for Martin. *Id.* ¶ 3.

Martin then filed this suit against Great American, seeking a declaration that the Great American Policy issued to Mr. G Trucking, LLC ("Mr. G") affords liability coverage to Williams for the damages sought in the underlying action. *Id.* Martin also named Williams, USAA, State Farm Mutual Automobile Insurance Company ("State Farm"), as defendants in this action. *Id.* ¶ 5. On October 31, 2025, Great American filed a notice of removal in this action. *Id.* Great American moved to realign Williams, USAA, and State Farm from defendants to plaintiffs. ECF No. 3. The Court granted Great American's Motion to Realign the defendants as plaintiffs and granted Martin's Motion to Amend to name Mr. G as a party. ECF No. 17. This realignment afforded the Court diversity jurisdiction over the action and, as such, the Court denied the Motion to Remand this action back to the Circuit Court. *Id.*

On May 1, 2026, in light of the realignment and amendment of the parties, Martin filed an Amended Motion for Declaratory Judgment, acting as the Amended Complaint. ECF No. 19. Great American filed a Motion to Dismiss the Amended Complaint. ECF Nos. 22, 23. On May 11, 2026, Martin filed a Second Amended Motion for Declaratory Judgment, which now acts as the operative Second Amended Complaint. ECF No. 24 ("Second Amended Complaint" or "SAC"). Great American filed a Motion to Dismiss the Second Amended Complaint. ECF Nos. 25, 26. Great American's Motion incorporates its initial Motion to Dismiss, which was filed in October 2025, prior to the realignment of the parties. ECF Nos. 5, 6. Great American also incorporates its reply to Martin's previous opposition to its operative Motion to Dismiss. ECF No. 21.

In the Second Amended Complaint, Martin alleges that, at the time of the accident, Williams had two insurance policies: one with State Farm and one with Great American. SAC ¶ 3. Great American is contracted to provide commercial business automobile insurance to Mr. G's, the company Williams owns, not to Williams as an individual. *Id.* ¶¶ 4-5. As such, in the underlying action, Great American has denied coverage to Williams for damages related to the accident with Martin and argues its Policy covers only specifically described autos. *Id.* ¶ 5. Great American contends that the 2008 Buick Lucerne that was involved in the February 2, 2024, accident is not covered under the Policy at issue. *Id.*

Martin's primary position is that the policy provided by Great American fails to describe, list and/or designate any specific autos that would be covered under said policy. *Id.* ¶ 7. Because Great American did not "describe, list and/or designate any specific autos," Martin believes that Great American's Policy may provide coverage to Williams for the aforementioned accident with his personal Buick Lucerne. *Id.* ¶ 8. Further, Martin advances that the "insurance policy provided by Great American is, at best, ambiguous and therefore must be construed against the drafter and in favor of coverage." *Id.* ¶ 9.

As such, Martin seeks a declaratory judgment from this Court and moves the Court to declare that Great American is obligated to provide liability coverage to Williams in the amount of $1,000,000. *See* SAC.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. Considering a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th

Cir. 1985). Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but the complaint must incorporate "enough facts to state a belief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). This plausibility standard does not equate to a probability requirement, but it entails more than a mere possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 677, and *Twombly*, 550 U.S. at 557). To achieve factual plausibility, plaintiffs must allege more than "naked assertions . . . without some further factual enhancement." *Twombly*, 550 U.S. at 557. Otherwise, the complaint will "stop[ ] short of the line between possibility and plausibility of entitlement to relief." *Id.*

## III. DISCUSSION

Under Rule 12(b)(6), Great American advances two challenges to Martin's claim. First, Great American argues the Buick Lucerne, the vehicle involved in the accident prompting the underlying action, is not a "covered auto" under the Policy. Mem. Supp. at 1. Second, Great American contends that Williams does not enjoy insured status under the Policy. *Id.* at 2. Therefore, Great American moves the Court to dismiss the Second Amended Complaint because

it "cannot reasonably be interpreted to afford coverage to Williams for the lawsuit filed by Martin." *Id.* The allegations contained in the Second Amended Complaint are relatively sparse, but the Court will interpret them in the light most favorable to Martin and address each argument in turn.

The first issue is whether Martin has sufficiently alleged that the Buick Lucerne is a "covered auto" under Great American's Policy. Martin pleads that Great American failed to explicitly designate or specify the "covered autos" in the Policy. Resp. Opp'n at 8. As a result, Martin asks this Court to construe the absence of a designation as indication that the Buick Lucerne may have been covered under the Policy. *Id.* In the context of the Policy on its face, the Court does not find this persuasive, even at the motion to dismiss stage.

Under Virginia law, "courts interpret insurance policies, like other contracts, in accordance with the intention of the parties gleaned from the words they have used in the document." *Seals v. Erie Ins. Exch.*, 277 Va. 558, 562, 674 S.E.2d 860 (2009) (quoting *Floyd v. N. Neck Ins. Co.*, 245 Va. 153, 158, 427 S.E.2d 193 (1993)). If a policy is unambiguous, the court must enforce it as written. *Id.* If the language is ambiguous, it must be interpreted more strongly against the insurer. *Id.* However, "conflicting interpretations [of an insurance policy] reveal an ambiguity only where they are reasonable." *Erie Ins. Exch.*, 277 Va. at 29. "The fact that a word has more than one definition or a party can 'hypothesize' about another interpretation does not render a policy provision ambiguous." *Midlothian Enters., Inc. v. Owners Ins. Co.*, 439 F. Supp. 3d 737, 741 (E.D. Va. 2020) (internal citation omitted).

Here, the Court must look to the Policy to determine whether Martin has stated a claim upon which relief can be granted. Great American concedes that it made an error in failing to identify the 2014 Mack Truck in item three of the Declarations of the Policy. Mem. Supp. at 9. But it would be outside of principles of contract interpretation and logic to suggest that because an

insurer failed to declare the specific covered autos in a policy, any automobile could be covered. This argument is further complicated by the fact that the insurance card—which clearly identifies this Policy, as it contains the correct policy number, period, and insured (Mr. G's)—identifies a 2014 Mack Truck. Mem. Supp. at 9, Ex. B at 51. The Court must look to the terms included in the Policy and determine if an interpretation is reasonable based on those terms. Here, the Policy is explicitly a "business auto coverage policy," issued to Mr. G Trucking LLC for commercial purposes, not a personal insurance policy. *Id.* Martin alleges no facts to plead sufficiently how the 2008 Buick Lucerne Williams owned and operated in a personal capacity would be covered by Mr. G's business auto policy. *See Allstate Ins. Co. v. J.A.D. Coal Co.*, 237 F. App'x 797, 799 (4th Cir. 2007) (affirming district court's holding that the subject vehicle was not a "covered auto" under the business automobile insurance policy because it was not being used in connection with the business at the time of the accident). Although Martin has alleged that a contract term is missing, which could lead to ambiguities, the Court is not inclined to reach for an interpretation that is altogether unreasonable and unsupported by the terms of the contract as a whole. Therefore, the Court finds that Martin has not sufficiently alleged that the Buick Lucerne involved in the accident was a "covered auto" under the Policy.

The Court also notes that Martin fails to plausibly allege that Williams could be construed as an "insured" under the Policy, nor does he sufficiently respond to this challenge in his Opposition. Martin makes no allegations that Williams was acting in a professional capacity at the time of the accident; rather, he appears to contend that Williams was acting in his individual capacity, but because he is the "sole owner, agent and employee" of Mr. G's, his actions in any capacity make him an "insured" covered under Mr. G's policy. Reply at 8; *see also* ECF 6-2 at 15

("Who Is an Insured"). The Policy is clear on its face about who is an "insured"—Mr. G Trucking LLC. ECF 6-2 at 7, 10.

In a similar case, the United States Court of Appeals for the Fourth Circuit affirmed that an insured company could not give an employee permission to drive an auto that it did not own but was owned by the employee himself. *Pham v. Hartford Fire Ins. Co.*, 419 F.3d 286, 291 (4th Cir. 2005) (citing *Stone v. Liberty Mutual Ins. Co.*, 253 Va. 12, 478 S.E.2d 883 (1996)). In *Pham*, an employee drove his personal vehicle into another car following a night of drinking, causing a fatality. *Pham*, 419 F.3d at 288. Plaintiffs obtained a judgment against the defendant employee but were "unable to reach funds beyond the limits of the [employee's] personal auto insurance policy." *Id.* Instead, they sought to have the judgment paid by his employer's business auto insurance policy. *Id.* The Court declined to find that the employee was an insured person under the policy at issue because he was driving his personal vehicle and "his use at the time of the accident did not involve the business or personal affairs of [the company.]" *Id.*

Similarly, the business auto insurance policy at issue here states "[t]hroughout this Policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations." ECF 6-2 at 13. The Named Insured listed on the Policy is "Mr G Trucking LLC." *Id.* at 7, 10. Further, the Policy specifies "Who Is an Insured," including "a. You for any covered 'auto'; b. Anyone else while using with your permission a covered 'auto' you own, hire or borrow except:" and then proceeds to list out exceptions. *Id.* at 15. Here, Martin provides no factual allegation that the Buick Lucerne vehicle was owned by Mr. G, nor does he allege that Williams' use of the Buick involved Mr. G's company affairs. *See Allstate*, at 799 (4th Cir. 2007); *see also Pham*, 419 F.3d at 288. Therefore, because Mr. G did not own William's personal vehicle, Mr. G could not have given permission

for Williams to use his own personal vehicle for purposes of coverage as an "insured" under this Policy's terms.

Martin's burden at this stage is one of plausibility. *Twombly*, 550 U.S. at 557. However, the Court cannot find, on these allegations, that any reasonable interpretation of the Policy would suggest that Williams driving his personal car in a personal capacity might be covered by this commercial business policy issued to a limited liability corporation.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is **GRANTED**. ECF No. 25.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 20 , 2026

Raymond A. Jackson
United States District Judge